**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

NOV 18 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWIN CANCINOS-MANCIO, | No. 23-960 |
| Petitioner, | Agency No. A074-795-177 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 9, 2024
Phoenix, Arizona

Before: RAWLINSON and COLLINS, Circuit Judges, and FITZWATER, District
Judge.**

Edwin Cancinos-Mancio (Cancinos-Mancio), a native and citizen of

Guatemala, petitions for review of an order of the Board of Immigration Appeals

(BIA) dismissing his appeal of the order from an Immigration Judge (IJ)

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

determining that Cancinos-Mancio's conviction of aggravated assault under A.R.S. § 13-1203(A) was an aggravated felony crime of violence within the meaning of 8 U.S.C. § 1227(a)(2)(A)(iii). We review legal determinations de novo, *see Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), *as amended*, including "whether a criminal conviction is a crime of violence and therefore an aggravated felony rendering [a non-citizen] removable." *Amaya v. Garland*, 15 F.4th 976, 980 (9th Cir. 2021) (citation and internal quotation marks omitted). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1. Any error by the IJ in failing to identify the applicable legal standard was harmless because the record reveals that the IJ was aware of and applied the clear and convincing evidence standard. *See Morales v. Gonzales*, 478 F.3d 972, 983-84 (9th Cir. 2007), *as amended* (reviewing the IJ's decision and the record to determine whether the IJ applied the correct legal standard), *abrogated on other grounds by Anaya-Ortiz v. Holder*, 594 F.3d 673, 677–78 (9th Cir. 2010). The IJ's decision specifically referenced the previous decision in which the clear and convincing evidence standard was applied. In addition, the papers submitted to the IJ by Cancinos-Mancio cited the clear and convincing evidence standard as the applicable legal standard. Cancinos-Mancio does not identify any basis to conclude that the IJ applied a different legal standard.

2. The agency did not err in relying on the complaint and change of plea

transcript to conclude that Cancinos-Mancio was convicted under § 13-1203(A)(2), an aggravated felony crime of violence. *See United States v. Cabrera-Perez*, 751 F.3d 1000, 1007 (9th Cir. 2014) (so holding).

To identify the crime of conviction, we may look to "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). Contrary to Cancinos-Mancio's contention, the indictment is not the only relevant charging document. *See Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1078 (9th Cir. 2007) ("In undertaking an analysis of the record of conviction, we may consider the *charging documents* in conjunction with the plea agreement . . .") (citation and internal quotation marks omitted) (emphasis added), *abrogated on other grounds by Kwong v. Holder,* 671 F.3d 872, 879–80 (9th Cir. 2011). In any event, the record establishes that the guilty plea was taken to the complaint, which included "narrowing language" establishing that Cancinos-Mancio pled guilty to violating § 13-1203(A)(2). *United States v. Marcia-Acosta*, 780 F.3d 1244, 1253 (9th Cir. 2015).

"If the operative charging document limits the charge to a statutory alternative that meets the generic offense definition, a factual-basis statement at the plea colloquy and the charge, *together*, can establish the crime of conviction . . ."

23-960

*Id.* at 1255 (emphasis in the original). Here, the transcript of the plea colloquy establishes that Cancinos-Mancio pled guilty to the mens rea of "intentionally," the requisite mens rea for a conviction under § 13-1203(A)(2). *See Cabrera-Perez*, 751 F.3d at 1004, 1006 & n.6. Specifically, Cancinos-Mancio assented to defense counsel's statement that Cancinos-Mancio "[i]ntentionally placed the other in reasonable apprehension of fear." *See United States v. Martinez-Lopez*, 864 F.3d 1034, 1043 (9th Cir. 2017) (recognizing admissions made during a plea colloquy). Accordingly, the documents relied on by the BIA adequately demonstrated that Cancinos-Mancio was convicted of an aggravated felony crime of violence rendering Cancinos-Mancio removable under § 1227(a)(2)(A)(iii).

**PETITION DENIED.**[1]

---

[1] The stay of removal will remain in place until the mandate issues. The motion for stay of removal is otherwise denied. Judge Collins would deny the stay motion forthwith.